UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| NORMAN A. SULLIVAN, | ) | |
| | ) | |
|     *Plaintiff*, | ) | NO. 1:06-cv-63 |
| | ) | |
| v. | ) | |
| | ) | Mattice/Carter |
| WAFFLE HOUSE 58 HWY; | ) | |
| PATRICK CLARK; JEREMY GOFORTH; | ) | |
| DAVID MILLER, | ) | |
| | ) | |
|     *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Norman A. Sullivan has filed a complaint alleging his former employer and supervisors discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. He has also submitted with his complaint an application to proceed *in forma pauperis* (IFP) (Doc. 1). For the reasons stated, the plaintiff's IFP application is DENIED and it is ORDERED the plaintiff shall pay the filing fee of $250.00 in the manner described herein.

The Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915, provides the authority for the plaintiff's IFP application. Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without prepayment of the filing fee if the plaintiff is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). However, where that plaintiff is a prisoner, an individual incarcerated for violations of criminal law, the statute provides a method by which funds must be garnished from the prisoner's trust account to pay the filing fee after commencement of the action. 28 U.S.C. §§ 1915(b) & 1915A(c).

1

It appears from Sullivan's IFP application that he lacks sufficient financial resources at the present time to pay the required filing fee in the amount of $250.00. Although the average balance in Sullivan's prisoner trust account during the last six months was $64.83, the sum of $ .02 was in his prisoner trust account on January 4, 2006, when he completed his IFP application.

However, under 28 U.S.C. § 1915 (b)(1), because Sullivan is a prisoner as defined under 28 U.S.C. § 1915A(c), he is not relieved of the ultimate responsibility of paying the $250.00 filing fee.[1] Therefore, it is ORDERED:

1)      Sullivan is assessed the civil filing fee of $250.00, *see* 28 U.S.C. § 1915(b)(1); *McGore v. Wrigglesworth,* 114 F.3d 601, 606 (6th Cir.1997);

2)      Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Sullivan's inmate trust account at the institution where he new resides shall submit to the Clerk, United States District Court, Post Office 591, Chattanooga, Tennessee 37401-0591, when the funds become available, as an initial partial payment, whichever is the greater of

    (a)     twenty percent (20%) of the average monthly deposits to Sullivan's inmate trust account; or

    (b)     twenty percent (20%) of the average monthly balance in Sullivan's inmate trust account for the six-month period preceding the filing of the complaint.

The initial partial filing fee shall be paid as funds become available, even if the account balance is under ten dollars ($10.00). The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

---

[1] While the filing fee is now $350.00, it was $250.00 at the time he filed his IFP application.

3) Thereafter, the custodian of Sullivan's prisoner trust account shall submit twenty percent (20%) of all funds deposited to Sullivan's prisoner trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2);

4) The Custodian of Sullivan's prisoner trust account is instructed that when Sullivan's prisoner trust account balance is over $10.00 then the twenty-percent rule is applicable and that no violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore,* 114 F.3d at 606.

5) The Clerk of Court is DIRECTED to send a copy of this memorandum and order to disburse funds to the Custodian of Inmate Accounts at the Northeast Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Sullivan's prisoner trust account complies with 28 U.S.C. § 1915 relating to payment of the filing fee.

6) This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner trust account until the entire filing fee of $250.00 is paid.[2]

7) The plaintiff shall notify this Court and the defendants or their counsel of his change of address if he is transferred to another institution and shall provide the prison officials at any new

---

[2] <u>Remittances shall be sent to the following address:</u>

>Clerk, U.S. District Court
>P.O. Box 591
>Chattanooga, TN 37401-0591

All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."

3

Case 1:06-cv-00063   Document 9   Filed 08/30/06   Page 3 of 4   PageID #: 3

institution with a copy of this order. Failure of the plaintiff to notify this Court and the defendants or their counsel within ten (10) days following any change of address will result in the dismissal of this action. Likewise, failure of the plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

8) The Clerk is DIRECTED to send the plaintiff service packets (a blank summons and USM 285 form) for each defendant named in this action. The plaintiff is ORDERED to complete the service packet and return it to the District Court Clerk, P.O. Box 591, Chattanooga, TN 37401, within twenty (20) days of the date of receipt of this order. The summonses will then be signed and sealed by the Court Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. <u>Sullivan is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.</u> Defendants shall answer or otherwise respond to the complaint within forty-five (45) days from the date of service. Sullivan is ORDERED to inform the Court, and the defendants or defendants' counsel of record, immediately of any address changes. <u>Failure to provide a correct address to this Court within ten (10) days following any change of address or failing to return the completed service packet within the time required will result in the dismissal of this action.</u>

    SO ORDERED.

    ENTER:

                                           *s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                            UNITED STATES DISTRICT JUDGE