UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

NORMAN A. SULLIVAN,                      )
                                         )
    *Plaintiff*,                         )
                                         )  Case No. 1:06-cv-63
v.                                       )
                                         )  Judge Mattice
WAFFLE HOUSE, PATRICK CLARK,             )
JEREMY GOFORTH, and DAVID MILLER,        )
                                         )
    *Defendants*.                        )

## MEMORANDUM AND ORDER

### I.    Background

On January 20, 2006, Plaintiff Norman A. Sullivan submitted to the Clerk of Court his complaint in this matter and a motion for leave to proceed *in forma pauperis*. [Court Doc. Nos. 1, 3.] His motion indicates that he was an inmate at the Hamilton County Jail at that time. [Court Doc. No. 1.] On March 8, 2006, United States Magistrate Judge William B. Mitchell Carter denied Plaintiff's motion for leave to proceed *in forma pauperis*. The Clerk of Court mailed Magistrate Judge Carter's Memorandum and Order to Plaintiff at his last known address, but the mailing was returned to the Court on March 23, 2006, as Plaintiff was no longer incarcerated at the Hamilton County Jail at that time. [Court Doc. No. 4.] Thereafter, on March 30, 2006, Plaintiff filed a notice of change of address indicating that he was incarcerated at the West Tennessee State Penitentiary. [Court Doc. No. 5.] Then, on May 11, 2006, Plaintiff filed another notice of change of address indicating that he was incarcerated at the Northeast Correctional Complex. [Court Doc. No. 7.]

On August 2, 2006, Magistrate Judge Carter entered an Order vacating his Memorandum and Order of March 8, 2006, which was in the form of a direct order but should have been in the form of a Report and Recommendation. [Court Doc. No. 8.] On August 30, 2006, the undersigned issued a Memorandum and Order denying Plaintiff's motion for leave to proceed *in forma pauperis*. [Court Doc. No. 9.] The Clerk of Court mailed the undersigned's Memorandum and Order of August 30 to Plaintiff at his last known address at the Northeast Correctional Complex, but the mailing was returned as undeliverable. Torye Lee, Manager of Sentence Computation Services at the State of Tennessee Department of Correction, sent a letter to the Clerk of Court on September 15, 2006, indicating that there is no person by the name of "Norman Sullivan" in the State of Tennessee Department of Correction system. [Court Doc. No. 10.] Lee's letter was received by the Clerk of Court on September 21, 2006.

The Court has not received any correspondence from Plaintiff since the Court received his last notice of change of address on May 11, 2006. Plaintiff apparently left the Northeast Correctional Complex some time prior to September 15, 2006, but as of today, he has not yet informed the Court of his new address.

## II.    Analysis

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit "[f]or failure of the plaintiff to prosecute." Fed. R. Civ. P. 41(b). Although the language of Rule 41(b) allows a defendant to move for the involuntary dismissal of a suit in the event of a plaintiff's failure to prosecute, federal district courts possess an inherent power to act *sua*

*sponte* to dismiss a suit for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1962); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

The United States Court of Appeals for the Sixth Circuit considers four factors when reviewing a district court's dismissal under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* Accordingly, the Court will consider these four factors in making its determination whether to dismiss Plaintiff's complaint.

First, the Court must determine whether Plaintiff's failure to update his address is due to his willfulness, bad faith, or fault. "For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). While the Court cannot conclude that Plaintiff has displayed an intent to thwart judicial proceedings, the Court does conclude that his failure to update his address exhibits a reckless disregard for the effect of his conduct on these proceedings. As a result of Plaintiff's failure to update his address, both the Court and the Defendants are left with no way to contact Plaintiff, making it quite difficult to place this case on a track toward its resolution.

Second, the Court must consider whether Defendants have been prejudiced by Plaintiff's failure to update his address. There is no evidence in the record that any of the

Defendants have been served in accordance with Federal Rule of Civil Procedure 4, so Defendants likely are unaware that they have been named in this suit. As a result, at this point, it is difficult to conclude that Defendants have been prejudiced by Plaintiff's failure to update his address.

Third, the Court must examine whether Plaintiff was warned that his failure to update his address could lead to the dismissal of his case. The Sixth Circuit has repeatedly reversed the dismissal of cases resulting from litigants' failure to appear or to comply with the court's orders when the district court did not put the party on notice that noncompliance would result in dismissal. *Wu*, 420 F.3d at 644. In this case, Magistrate Judge Carter included in his Memorandum and Order (which has since been vacated and disabled in CM/ECF), and the undersigned included in his Memorandum and Order [Court Doc. No. 9], a sentence warning Plaintiff that his complaint would be dismissed if he failed to provide the Court with an updated address within ten days following any change of address. Plaintiff, however, never received the orders containing this warning because he has not kept his address current with the Court. Thus, the Court has attempted to warn Plaintiff regarding this particular conduct, but Plaintiff has not received the warnings precisely because of this particular conduct.

Fourth, the Court must determine whether sanctions less drastic than dismissal would be appropriate in this case. The sanction of dismissal is a harsh sanction which should be implemented only in extreme situations. *Wu*, 420 F.3d at 644. In this case, if the Court were to implement less drastic sanctions, the Court would have no way of communicating those sanctions to Plaintiff since the Court does not know his current address. Further, even if the Court were to implement sanctions less drastic than

dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff. Accordingly, in this case, the Court finds that the sanction of dismissal is appropriate.

Taking into account these four factors, the Court concludes that the dismissal of Plaintiff's complaint is an appropriate sanction for Plaintiff's failure to update his address.

## III. Conclusion

For the reasons explained above, it is **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall close the file in this case.

SO ORDERED this 19th day of October, 2006.

_____*s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE